UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELANIE MORGAN,

                              Plaintiff,

    -against-                                            5:12-CV-1136 (LEK/TWD)

TOWN OF DEWITT; POLICE OFFICER
C. FULLER; POLICE OFFICER D.
BAUMANN; POLICE OFFICER A.
FUSCO; AND POLICE OFFICER "JOHN
DOE" # 1-10 (the name "John Doe" being
fictitious, as the true name is presently
unknown, individually and in his official
capacity),

                              Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Melanie Morgan ("Plaintiff") is a 34 year old resident of New York. Dkt. No. 1 ("Complaint") ¶ 6. Defendants are the Town of Dewitt and Officers Fuller, Baumann, Fusco, Maloff, and "John Doe" # 1-10 ("Doe") of the Town of Dewitt Police Department. Compl. ¶¶ 8-9. The present dispute arises out of an incident that took place on December 9, 2011, when Plaintiff alleges, *inter alia*, that Defendants used excessive force against her when they stopped her for parking in a wheelchair-accessible parking space without a permit. Id. ¶¶ 13, 22-27.

This action commenced on July 15, 2012. Id. ¶ 4. Pending before the Court are Defendants' Motion to dismiss and Plaintiff's Cross-Motion to amend the Complaint. Dkt. Nos. 8, 24. Plaintiff now seeks instead to dismiss her own Complaint. Dkt. No. 39 ("Motion").

## II. LEGAL STANDARD

When a plaintiff seeks to withdraw an action, the request may be construed as a motion filed under Rule 41 of the Federal Rules of Civil Procedure. See Toolasprashad v. Schult, No. 10-CV-1050, 2011 WL 3157290, at *1 (N.D.N.Y. July 6, 2011) (Kahn, J.). Rule 41 provides that an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" where, as here, the opposing party has already served an answer or motion for summary judgment and not stipulated to dismissal. FED. R. CIV. P. 41(a)(2); see id. 41(a)(1)(A).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)). The other calls for the consideration of certain factors commonly referred to as the Zagano factors. Camilli, 436 F.3d at 123; Zagano v. Fordham University 900 F.2d 12, 14 (2d Cir. 1990).

The Zagano factors include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

**III.    DISCUSSION**

   **A. Legal Prejudice**

"[L]egal prejudice in the context of a Rule 41 motion is defined as 'the impairment of some legal interest, some legal claim, or some legal argument.'" Brown v. National R.R. Passenger Corp., No. CV 10-2812, 2013 WL 2436237, at *3 (E.D.N.Y. May 24, 2013) (quoting Coffaro v. Crespo, No. 08-CV-2025, 2013 WL 623577, at *2 (E.D.N.Y. Feb. 19, 2013). The mere possibility of the matter being relitigated does not constitute legal prejudice warranting the denial of a motion for voluntary withdrawal. Brown, 2013 WL 2436237, at *3 (citing D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996). In addition, neither the age of a case nor uncertainty regarding the ultimate resolution of a legal dispute, without more, requires a finding of legal prejudice. Id. A finding that no legal prejudice would result from a voluntary dismissal may be warranted where a case has not yet proceeded beyond discovery, Coffaro, 2013 WL 623577, at *1, and sometimes even where it has, Catanzano v. Wing, 277 F.3d 99, 109, 110 (2d Cir. 2001).

The Court finds that no legal prejudice would result were the Court to grant Plaintiff's Motion. This case has not proceeded beyond the discovery stage, and discovery deadlines were adjourned until Plaintiff obtained new counsel or notified the Court of her intention to proceed *pro se*. Dkt. No. 36. The Court does not perceive any impairment of legal interests, claims, or arguments, nor have Defendants brought any prejudice to the Court's attention by filing an opposition to Plaintiff's Motion. See generally Dkt.

   **B. Zagano Factors**

Turning to the Zagano factors, the Court must first assess Plaintiff's diligence in bringing the Motion. See Zagano, 900 F.2d at 14. A plaintiff's delay in moving for a Rule 41 dismissal may

3

weigh in favor of denying the motion when the delay leads to detrimental reliance upon a reasonable expectation that the plaintiff intended to litigate her claims. See Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 Civ. 9649, 2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006). Though this action commenced nearly fourteen months ago, the Court finds no lack of diligence by Plaintiff in moving to withdraw. Plaintiff's counsel ceased to represent her on July 12, 2013. Dkt. No. 36. Plaintiff filed her Motion only a few weeks later, stating that she is now unable to proceed and explaining that she is "requesting to be released of this lawsuit [because] it is affecting [her] life and mental well-being." Mot. Plaintiff's diligence is satisfactory, and thus this factor weighs in favor of dismissal.

Next, the Court must consider whether the Motion is the product of "any 'undue vexatiousness' on the Plaintiff's part." Zagano, 900 F.2d at 14. "Courts define 'undue vexatiousness' to mean that the plaintiff acted with 'ill-motive' in bringing or maintaining its claims." S.E.C. v. Chakrapani, 09 Civ. 325, 2010 WL 2605819, at *3 (S.D.N.Y. June 29, 2010). There is no indication that Plaintiff acted with ill motive here, and thus this factor weighs in favor of dismissal.

Third, the Court must gauge "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial." Zagano, 900 F.2d at 14. Though this action is fourteen months old, it has not progressed beyond discovery and, taking into account Defendants' effort and expense, has not progressed so far as to warrant denial of Plaintiff's Motion.

Fourth, the Court must consider "the duplicative expense of relitigation." Zagano, 900 F.2d at 14. As noted, the case has not progressed beyond discovery; Defendants have filed only an Answer and a Motion to dismiss, which likely could be reused in large part if Plaintiff refiled her

action. See Banco Central De Paraguay, 2006 WL 3456521, at *6-7 ("[W]hatever work that defendants have done in preparing for trial can easily be used in a subsequent, similar action."). This factor weighs in favor of dismissal.

Finally, the Court must consider "the adequacy of the plaintiff's explanation for the need to dismiss." Zagano, 900 F.2d at 14. Plaintiff has indicated that the lawsuit is negatively affecting her "life and mental well-being." Mot. This explanation is adequate, and thus this factor weighs in favor of dismissal.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 39) for voluntary dismissal is **GRANTED**, and it is further;

**ORDERED**, that Defendants' Motion (Dkt. No. 9) to dismiss and Plaintiff's Cross-Motion (Dkt. No. 24) to amend are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: September 16, 2013
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

5